UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILSON, <br><br> Plaintiff, <br><br> v. <br><br> CORPORAL GARDINER, et al., <br><br> Defendant. | Case No.: 17cv469-JLS-MDD <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1)** <br><br> **[ECF No. 10]** |

Plaintiff, proceeding *pro se* and *in forma pauperis* with a civil rights Complaint (ECF No. 1) filed pursuant to 42 U.S.C. § 1983, and currently incarcerated at the California Medical Facility, has submitted a motion in which he requests that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 10).

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); see also *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See *Terrell v. Brewer*, 935 F.2d

1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff supports his Motion by stating that his imprisonment will limit his ability to pursue his claims, that he is enrolled in an outpatient mental health program, has limited access to the law library. (ECF No. 10 at 1). However, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims. In fact, Plaintiff's pro se pleading has survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), Plaintiff has effected service on all defendants, and Plaintiff was able to file a motion requesting an extension of time to file an opposition to Defendant's Motion to Dismiss. (ECF No. 12).

Accordingly, under the circumstances of this case, the Court finds that Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

**IT IS SO ORDERED**

Dated: September 14, 2017

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge