UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILSON,<br><br>        Plaintiff,<br><br>v.<br><br>GARDINER, et al.,<br><br>        Defendants. | Case No.: 17-CV-469-JLS (MDD)<br><br>**ORDER (1) ADOPTING IN PART REPORT AND RECOMMENDATION; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF Nos. 7, 24) |

Presently before the Court is Defendants Corporal Gardiner and Sergeant Poirier's Motion to Dismiss Complaint, ("MTN," ECF No. 7). Also before the Court is Plaintiff David Wilson's Response in Opposition to the Motion, ("Opp'n," ECF No. 20), and Defendants' Reply in Support of the Motion, ("Reply," ECF No. 21). Magistrate Judge Mitchell D. Dembin has issued a Report and Recommendation advising the Court to grant in part and deny in part Defendants' Motion, ("R&R," ECF No. 24). Defendants timely filed Objections to the R&R, ("Def. Obj.," ECF No. 25). Plaintiff did not file objections to the R&R, and no Party filed a reply.

## BACKGROUND

Judge Dembin's R&R contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Plaintiff's Complaint and Defendants' Motion. (R&R 1–6.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Judge Dembin recommends Defendants' Motion be: (1) denied as to Plaintiff's state law tort claims (claims four and five); (2) granted without prejudice as to all claims against Defendant Poirier (claims three and give); (3) granted without prejudice as to Plaintiff's First Amendment Retaliation claim against both Defendants (claim one); (4) granted without prejudice as to Plaintiff's Eighth Amendment claims (claims one and two); (5) denied as to Plaintiff's Fourteenth Amendment claim (claim three); (6) denied as to Plaintiff's failure to exhaust his administrative remedies under the PLRA. (R&R 17.)

Defendants have objected to the R&R as to claims four and five. (*See generally* Def. Obj.) Plaintiff has not filed any objections. This Court will review, *de novo*, those parts of the R&R to which Defendants object and will review for clear error the parts of the R&R to which Defendants do not object.

///

# I. State Tort Claims

Defendants moved to deny Plaintiff's state law claims because Plaintiff does not allege "that he filed the required damages claim with the County" and instead filed with the California State Victim Compensation Board, which is "not the appropriate entity." (MTN 4–5; Reply 2.) Judge Dembin recommends denying Defendants' Motion of Plaintiff's state law claims. (R&R 8.) Defendants have objected to this recommendation.

California has sovereign immunity against tort claims for money damages, but the California Tort Claims Act ("CTCA") provides a limited waiver of this immunity. Under the CTCA, a plaintiff can bring tort claims against state and local public entities only if the plaintiff complies with the strict procedural requirements enumerated in the CTCA. *See* Cal. Gov. Code § 815. Among the procedural prerequisites for suit is the CTCA's requirement that a claimant file a written claim with the proper public entity. *See* Cal. Gov. Code §§ 905.2, 910, 911.2, 945.4. The claim must be presented to the relevant public entity no later than six months after the cause of action accrued. *Id.* § 911.2.

Plaintiff alleges he "filed a grievance/citizen complaint" and was advised that it was denied, and has thus exhausted his administrative remedies. ("Compl.," ECF No. 1, at 15.) Defendants attached to their Reply a copy of Plaintiff's Government Claims Form, filed with the California Victim Compensation and Government Claims Board, and dated September 3, 2016. (ECF No. 21-1.)

Defendants argue Plaintiff failed to properly present his claims "to the County of San Diego" and the state law claims should therefore be dismissed. (MTN 3.) Judge Dembin recommended the Motion to Dismiss be denied as to these claims. (R&R 8.)) Judge Dembin reasoned Defendants did not explain why Plaintiff was required to bring his government claim to the County, and why Plaintiff's filing of his Claims Form to the Victim Compensation and Government Claims Board was insufficient under the CTCA. (*Id.*) Defendants object and argue Plaintiff must have filed his claim with the County, as the appropriate "public entity." (Def. Obj. 2 (citing Cal. Gov. Code § 945.4).)

As a prerequisite to filing suit for money or damages against a public entity, the CTCA requires presentation of a written claim to the public entity. *State v. Superior Court (Bodde)*, 90 P.3d 116, 119 (Cal. 2004). The plaintiff's complaint must affirmatively allege facts demonstrating that a claim was timely presented or that compliance with the claims statute is excused. *Id.* "The principal purpose of the requirement that claims be filed is to give the public entity against whom a claim is asserted timely notice of the nature of the claim so that it may investigate and settle claims having merit without litigation. [Citation]. This purpose is served where the claim presented is defective but substantially complies with the claims statute." *Jackson v. Bd. of Educ. of City of L.A.*, 250 Cal. App. 2d 856, 859 (Ct. App. 1967) (citing cases).

Plaintiff's Complaint does not allege sufficient facts that he complied with the CTCA. Construing Plaintiff's claims liberally, the Court finds it plausible Plaintiff has filed a claim with the Civilian Law Enforcement Review Board ("CLERB") and with the California State Victim Compensation Board. (*See* Def. Obj. 2 (discussing Plaintiff's argument that he sent a grievance to CLERB).) But, Plaintiff has not demonstrated that this was a proper presentation that put the County on notice of his claim. California Government Code section 915(a) provides how a claimant may present a claim to a local public entity, and Plaintiff has not demonstrated he complied, or substantially complied, with this statute. *See Attebery v. Placer Cnty.*, No. 2:08-cv-1778 JAM JFM, 2009 WL 700425, at *1 (E.D. Cal. Mar. 12, 2009) (finding "the doctrine of substantial compliance does not apply when the claim is addressed to the wrong entity" (citing *Jackson*, 250 Cal. App. 2d at 860)). Because Plaintiff has not demonstrated he complied with the procedural prerequisites for bringing his state law claims, the Court **SUSTAINS** Defendants' objections, **REJECTS** the R&R as to these claims, and **GRANTS** Defendants' Motion to Dismiss claims four and five.

## II. Claims Against Defendant Poirier

Judge Dembin recommends granting Defendants' Motion to Dismiss all claims against Defendant Poirier (erroneously sued as "Sergeant Poiter"). (R&R 10.) Judge

4

17-CV-469-JLS (MDD)

Dembin found the Complaint does not allege any personal involvement by Defendant Poirier, nor does it allege that Defendant Poirier "knew or of acquiesced to the wrongful conduct of others." (*Id.*) No timely objection was filed by Plaintiff to the R&R. The Court finds no clear error in Judge Dembin's findings and **ADOPTS** the R&R and **DISMISSES** all claims as to Defendant Poirier **WITHOUT PREJUDICE**.

### III. First Amendment Retaliation Claim (Claim One)

In claim one, Plaintiff alleges Defendant Gardiner retaliated against Plaintiff in violation of the First Amendment when Plaintiff was "advocating peacefully" in requesting soup for lunch, and Defendant then "chilled" Plaintiff. (Compl. 15; Reply 6–7.) Judge Dembin recommends granting Defendants' Motion to Dismiss Plaintiff's First Amendment Claims. (R&R 11.)

The Ninth Circuit has set forth five basic elements for a viable claim of First Amendment retaliation: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 567–68 n.11 (9th Cir. 2005)). Judge Dembin found Plaintiff's Complaint fails to prove the third element, i.e., that he was engaged in protected conduct. (R&R 11.) Plaintiff's allegation that he was peacefully advocating for soup does not establish that he was engaged in protected conduct. (*Id.* at 11-12). No timely objection was filed by Plaintiff to the R&R. The Court finds no clear error in Judge Dembin's findings and **ADOPTS** the R&R and **DISMISSES** claim one **WITHOUT PREJUDICE**.

### IV. Excessive Force Claims (Claims One, Two, and Three)

Under Claim One, Plaintiff alleges Defendant Gardiner subjected Plaintiff to cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights. (Compl. 15.) Under Claim Two, Plaintiff alleges the same as to Doe Defendant 1. (*Id.* at 15–16.) Under

Claim Three, Plaintiff alleges all Defendants deprived him of his rights to due process in violation of the Fourteenth Amendment. (*Id.* at 16.) All claims stem from the same events.

Judge Dembin recommends granting Defendants' Motion to Dismiss Plaintiff's excessive force claims under the Eighth Amendment (claims one and two). (R&R 15.) Plaintiff was a pretrial detainee when the events at issue occurred. (*Id.* at 3.) Thus, the Fourteenth Amendment controls Plaintiff's excessive force claims because of his status as a pretrial detainee. (*Id.* at 13 (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).) "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473.

Judge Dembin found, taking Plaintiff's allegations as true, "Plaintiff's allegations are sufficient to support a plausible inference that Defendant Gardiner used force for the malicious and sadistic purpose of causing harm, rather than for the purpose of maintaining or restoring discipline, because, if taken as true, Plaintiff's allegations establish that at the time force was applied, Plaintiff could not reasonably be perceived as a threat." (R&R 14.) Judge Dembin found, at this stage of the proceedings, there was no justification "for Defendant Gardiner to enter [Plaintiff's] cell and repeatedly hit Plaintiff—over a soup request, or for Doe #1 to twice pepper spray Plaintiff while he was complying with the order to cuff up." (*Id.* at 15.) Thus, Plaintiff has pled a plausible excessive force claim, and his Fourteenth Amendment claim (claim three) should go forward. However, claims one and two, wherein Plaintiff alleges the same events violated his Eighth Amendment rights, are not properly brought because Plaintiff was a pretrial detainee at the time of the events.

Defendants do not object to this portion of the R&R. (*See* Def. Obj. 1.) The Court finds no clear error in the R&R and **ADOPTS** the R&R. The Motion to Dismiss claim one

6

17-CV-469-JLS (MDD)

and two of the Complaint is **GRANTED WITH PREJUDICE** and the Motion to Dismiss claim three of the Complaint is **DENIED**.[1]

## V. Exhaustion of Administrative Remedies

Defendants argue Plaintiff's failure to exhaust his detention facility administrative remedies under the PLRA is clear on the face of the Complaint and therefore the Complaint should be dismissed. (MTN 8–9 (citing 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")).) Plaintiff alleges that he "has satisfied all exhaustions required for issues raised in this lawsuit." (Compl. 15.)

Failure to exhaust administrative remedies is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204 (2007). As Judge Dembin stated:

> "In a typical PLRA case, a defendant will have to present probative evidence [in a Rule 56 motion for summary judgment] . . . that the prisoner has failed to exhaust administrative remedies under § 1997e(a)." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc). However, "in . . . rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Albino*, 747 F.3d at 1169 (citing *Jones*, 549 U.S. at 215–16; *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) ("[A]ffirmative defenses may not be raised by motion to dismiss, but this is not true when, as here, the defense raises no disputed issues of fact."); *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) ("[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.")).

(R&R 15–16.) Judge Dembin found it is not "clear" from the face of the Complaint that Petitioner has not exhausted his administrative remedies and therefore recommends the

---

[1] Judge Dembin specifies that claim three may go forward "as to Defendant Gardiner" but Judge Dembin had detailed that there is no justification for Doe #1 to twice pepper spray Plaintiff. (R&R 15.) Thus, the Court does not limit claim three to only Defendant Gardiner. However, Plaintiff must properly serve Doe #1, *see infra* Conclusion section.

Motion to Dismiss on this ground should be denied. (*Id.* at 16.) Defendants do not object to this portion of the R&R. (*See* Def. Obj. 1.) The Court finds no clear error in the R&R as to this claim and **ADOPTS** the R&R and **DENIES** Defendants' Motion to Dismiss for failure to exhaust administrative remedies under the PLRA.

## CONCLUSION

The Court **ADOPTS IN PART** Judge Dembin's Report and Recommendation. The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss as follows:

1. Defendants' Motion to Dismiss Plaintiff's state tort claims is **GRANTED** and claims four and five are **DISMISSED WITHOUT PREJUDICE**;
2. Defendants' Motion to Dismiss all claims against Defendant Poirier is **GRANTED** and the claims are **DISMISSED WITHOUT PREJUDICE**;
3. Defendants' Motion to Dismiss claim one (First Amendment retaliation claim) is **GRANTED** and the claims are **DISMISSED WITHOUT PREJUDICE**;
4. Defendants' Motion to Dismiss claims one and two (Eighth Amendment claims) is **GRANTED** and the claims are **DISMISSED WITH PREJUDICE**;
5. Defendants' Motion to Dismiss claim three (Fourteenth Amendment claim) is **DENIED**;
6. Defendants' Motion to Dismiss Plaintiff's claims for failure to exhaust administrative remedies under the PLRA is **DENIED.**

Plaintiff may file an amended complaint curing the deficiencies noted herein. If Plaintiff does not file an amended complaint <u>within forty (40) days of the filing of this Order</u>, the case may be dismissed without prejudice.

Further, the Court has determined the case may go forward against Doe Defendant #1. However, Plaintiff has not served this Doe Defendant, nor Defendants "Joe Doe #2–4" that are also named in the Complaint. The Court **GRANTS** Plaintiff an extension of time to serve Doe Defendant #1. Plaintiff **SHALL** properly serve this Doe Defendant with Plaintiff's first amended complaint within the time requirements set forth by Federal Rule

8

17-CV-469-JLS (MDD)

of Civil Procedure 4(m). Finally, because Plaintiff has not served "Joe Doe #2–4" Defendants with his Complaint, the Court **DISMISSES** these Defendants **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: March 8, 2018

Hon. Janis L. Sammartino
United States District Judge